# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAMAINE A. HARRISON (#3567)** | **CIVIL ACTION** |
| **VERSUS** | |
| **PRESIDENT BARACK OBAMA, ET AL.** | **NO. 15-0080-BAJ-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 7, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TRAMAINE A. HARRISON (#3567)**                        **CIVIL ACTION**

**VERSUS**

**PRESIDENT BARACK OBAMA, ET AL.**                   **NO. 15-0080-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, a person currently or previously confined at a facility operated by the Eastern Louisiana Mental Health System in Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against President Barack Obama, United States Congressman Bill Cassidy, the United States Supreme Court, the unnamed Judges of the United States Supreme Court, and Louisiana Governor Bobby Jindal, complaining that there is a disparity between criminal penalties imposed by different states for identical misconduct, and this disparity has resulted in a violation of his constitutional civil rights. He further asserts that he is a person committed to a mental health facility by reason of a finding of "not guilty by reason of insanity" in connection with unspecified state criminal charges, and he prays for monetary damages and for the enactment of new legislation for "not guilty by reason of insanity patients."

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim

is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff's Complaint fails to state a claim cognizable in this Court. In the first place, whereas the nature of the plaintiff's claim in this case is far from clear, he appears to complain that the criminal laws of the various states are not uniform in the imposition of punishment and that his constitutional rights – presumably to equal protection under the laws – have been violated by the resulting disparity in penalties. Specifically, the entirety of the plaintiff's assertion in his Complaint is as follows:

> I am suing the State and Country's top lawmaking officials for the simple fact I am tired of crimes being committed in different states which are the same but gets different penalties. We the people have one Constitution, one Bill of Rights, and our civil rights are incorporated into that. I'm suing as a mental patient whose rights have been violated as a human being, a person who [is medication-]compliant, a college graduate and published author.

R. Doc. 1 at p. 4. The plaintiff's assertion above reflects a fundamental misunderstanding regarding the manner in which this country's federal system works, pursuant to which (simply put) the United States Constitution grants the federal government power over issues of national concern, while the individual state governments retain jurisdiction over issues within their

respective borders. Under this system, the individual states are free to enact separate and independent criminal justice systems, making determinations regarding the actions that the individual states wish to sanction and the penalties applicable to violations of their respective criminal statutes. Accordingly, there is no legal basis for the plaintiff's claim in this case because he is not entitled to a nation-wide system of unified penalties for similar acts of wrongdoing. The plaintiff's Complaint is therefore subject to dismissal for this reason.[1]

In addition to the foregoing, the law is clear that certain government officials enjoy absolute immunity from civil litigation, and this immunity extends to the President of the United States when acting in his official capacity. *See Nixon v. Fitzgerald,* 457 U.S. 731, 749 (1982). In addition, a United States congressman or senator is generally seen to be entitled to absolute legislative immunity for actions taken within the "legitimate legislative sphere." *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975). This legislative immunity stems from the common law and from the Speech or Debate Clause of the United States Constitution and, "once it is determined that members are acting within the 'legitimate legislative sphere,' the Speech or Debate Clause is an absolute bar to interference." *Id. See also Bogan v. Scott-Harris*, 523 U.S. 44, 48 (1998) ("The principle that legislators are absolutely immune from liability for their legislative activities has long been recognized in Anglo-American law"); *Kilbourn v. Thompson*, 103 U.S. 168, 202-04 (1880); *Davis v. Passman*, 544 F.2d 865, 878 (5th Cir. 1977) (discussing the scope of absolute legislative immunity). While the plaintiff does not include any specific allegations relative to conduct undertaken by defendants President Obama and/or Congressman Cassidy, his written statement in the Complaint suggests that he is complaining that these parties

---

1. The Court further notes that the plaintiff likely does not have standing to complain regarding the penalties imposed by other states for violations of criminal statutes because he does not allege that he has been or will likely be subjected to criminal penalties in any other state.

have failed to take action to enact or enforce legislation that the plaintiff believes to be appropriate. Such a claim clearly implicates the official and legislative roles of these defendants and, as a result, the plaintiff fails to state a claim or cause of action against them as to such conduct.[2]

Turning to a consideration of the plaintiff's claim asserted against the United States Supreme Court, the law is clear that the capacity of an entity to sue or be sued in federal court "shall be determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). Under Louisiana law, to possess such capacity, an entity must qualify as a "juridical person," *i.e.*, "an entity to which the law attributes personality, such as a corporation or partnership." La. Civil Code art. 24. In contrast, the United States Supreme Court is an entity created by the United States Constitution and is not attributed a separate and distinct legal existence. *See Muzzi v. U.S. Supreme Court*, 2002 WL 31324140, *2 (E.D. La. Oct. 16, 2002). *See also Rutherford v. U.S. District Courts*, 2010 WL 3801017, *1 (E.D. La. Sept. 2, 2010) (applying this rule in the context of the federal district courts). Accordingly, in naming the Supreme Court as a defendant herein, the plaintiff has failed to assert a claim against a juridical entity, and this defendant is entitled to dismissal as a matter of law.

The plaintiff has also named as defendants herein the unnamed "Judges" of the United States Supreme Court. It is clear, however, that the plaintiff fails to state a claim against these defendants as well. Specifically, this claim is barred by the doctrine of absolute judicial immunity, pursuant to which judicial officers are shielded from liability for actions performed by

---

2. The Court notes that the plaintiff's invocation of 42 U.S.C. § 1983 is not appropriate in connection with his claim asserted against the federal defendants because this statute applies only to state actors. The plaintiff's claim for relief against federal officials in their individual capacities for purported violations of his constitutional rights would be more appropriately asserted pursuant to *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), wherein the Court recognized an avenue for such relief.

them in a judicial role.  *See Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982).  While such immunity is a question of law to be determined upon the facts of each case, the immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity.  *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Brewer v. Blackwell, supra,* 692 F.2d at 396.  *See also Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983).  Moreover, this immunity applies however erroneous the act and however evil the motive.  *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989).  Applying this test here, it is clear that the plaintiff has failed to allege any conduct by the unnamed Supreme Court Justices that was not within the scope of the defendants' judicial authority.  Therefore, these defendants are shielded from the plaintiff's claims by the doctrine of absolute judicial immunity and are entitled to dismissal herein.

Finally, the plaintiff has named Louisiana Governor Bobby Jindal as a defendant herein but, as with the other defendants, he has failed to include any factual allegations whatever relative to any misconduct engaged in by this defendant.  Although Governor Jindal is not entitled to absolute immunity for actions taken in his capacity as Governor of the State of Louisiana, he is nonetheless entitled to qualified immunity in connection therewith.  *See Austin v. Borel*, 830 F.2d 1356, 1358 (5th Cir. 1987), *citing Scheuer v. Rhodes*, 416 U.S. 232, 248 (1974).  Qualified immunity shields a government official from individual liability for performing discretionary functions unless the official's conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity provides leeway for mistakes in judgment and protects "all but the plainly incompetent or those who knowingly violate the law."  *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).  Although qualified immunity is an affirmative defense that normally must be asserted by a defendant, this Court is authorized, in an

action proceeding under 28 U.S.C. § 1915(e), to *sua sponte* consider affirmative defenses that are apparent on the face of the record, "and need not await any responsive pleading to conduct its inquiry." *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

The qualified immunity analysis is a familiar one and employs a two-step process. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001), the first step in the analysis is to consider whether, taking the factual allegations in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This latter inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202.

Undertaking the qualified immunity analysis with respect to the plaintiff's claim asserted against Governor Bobby Jindal, the Court finds that the plaintiff has failed to meet the first part of the above-stated test. Specifically, the plaintiff has failed to make any factual allegation of conduct on the defendant's part that rises to the level of a constitutional violation. All that the plaintiff has asserted is that he is "a mental patient whose rights have been violated as a human being." He does not identify the manner in which his rights have allegedly been violated (other than an oblique and conclusory reference in the prayer for relief to his having been "beaten by police [and] falsely imprisoned," R. Doc. 1 at p. 5) and more importantly, he does not include any assertion that Governor Jindal has had any personal knowledge or awareness of the purported constitutional violations or any direct or personal involvement in the violations of which the plaintiff complains. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d

312, 314 (5th Cir. 1999) (dismissing a claim asserted against the state governor on the basis of qualified immunity where the plaintiff's Complaint failed to allege any personal involvement by the governor); *Kervin v. City of New Orleans*, 2006 WL 2849861, *3 (E.D. La. Sept. 28, 2006) (same).  Accordingly, in the absence of any allegation of direct or personal involvement by the defendant governor in the violations complained of, the plaintiff's claim asserted against Governor Bobby Jindal should be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[3]

Signed in Baton Rouge, Louisiana, on May 7, 2015.

          **RICHARD L. BOURGEOIS, JR.**
          **UNITED STATES MAGISTRATE JUDGE**

---

3. The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."